IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DR. JOHN WILLIAM MUNSON, Ph.D, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES DRAGGON, JAMES VOUTOUR, and PAUL DYSTER, <br><br> Defendants. | Cause No. CV 14-0022-BMM-RKS <br><br> ORDER TO TRANSFER CASE TO THE WESTERN DISTRICT OF NEW YORK |

Plaintiff John Munson has filed a Motion for Leave to Proceed in Forma Pauperis and a proposed Complaint. (Doc. 1, 2.) He seeks to bring claims against the named Defendants for use of excessive force in the Niagara County Jail in July 2013. This district is not the proper venue for this action and the case will be transferred to the Western District of New York.[1]

The proper venue for a civil action filed in a district court of the United

---

[1] Because an order transferring venue pursuant to 28 U.S.C. § 1406(a) is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A) and is not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, it is within the province of a magistrate judge's authority. *Corrinet v. Burke*, 2012 WL 1952658, at *6 (D.Or. Apr. 30, 2012); *Pavao v. Unifund CCR Partners*, 2013 WL 1289756, at *1, n.1 (S.D.Cal. 2013); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D.La. 1991).

1

States is defined by 28 U.S.C. § 1391 as follows:

> (b) Venue in general–A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, all the defendants are citizens of New York and all the events giving rise to Dr. Munson's claims occurred in Niagara Falls, New York. Venue for this suit lies not in this Court but in the Western District of New York.

28 U.S.C. §1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is in the interest of justice to transfer this case to Western District of New York.

It is **ORDERED:**

This matter is transferred to the United States District Court for the Western

District of New York.

DATED this 1st day of April, 2014.

                          */s/ Keith Strong*
                          Keith Strong
                          United States Magistrate Judge